# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-060 |
| | ) | |
| MICHAEL HUBBARD | ) | |

# ORDER

Defendant Michael Hubbard, along with several co-defendants, has been charged with various crimes related to an alleged drug conspiracy. *See, e.g.,* doc. 203 at 1. He moves to suppress the evidence against him on a variety of grounds. *See* docs. 137, 138, & 139 (three-part motion to suppress). The government opposes. Doc. 152 ("Combined Response"); docs. 203, 204, & 205 (respectively, responses to each part of suppression motion).

Defendant's briefs cite to various warrant affidavits, Title III applications, and other documents, but he has not favored the Court with copies of any of the cited materials. *See,* docs. 137-139. The government, on the other hand, has provided the Court (in its response to defendant's motions) with extensive documentary evidence spanning more than 1,000 pages, comprised primarily of the applications law enforcement made to state and federal courts in support of their requests for various

orders and warrants. Those evidentiary materials are identified as "Exhibits" in the following filed documents: docs. 203-1 to 203-8 (196 pages); docs. 204-1 to 204-17 (905 pages); doc. 205-1 (48 pages). In its responsive briefs however, the government refers to those documents NOT by their exhibit and page numbers, but only descriptively. For example, on the second page of its response to defendant's first motion to suppress, the government refers to a certain state court order, but its citation to that order is only this: "See, pg. 2 of attached Order, dated April 22, 2016." Nowhere does the government specify which attached exhibit contains this particular order. The government continues this practice throughout its responsive briefs (docs. 203, 204, & 205).

So, rather than identifying the precise place in the record where a particular referenced document can be located, the government essentially tells the Court to "Go fish." This is particularly problematical as to doc. 204 (Response to Motion to Suppress Wiretaps), which has over 900 pages of attached documentation. But, again, at least the government furnished the Court with supporting documentation, whereas defendant furnished no exhibits at all. (Of course there is no need now for the defendant to replicate any document or evidentiary

material that has already been made a part of the record through exhibits attached to the government's briefs.)

The Court is particularly concerned about its inability to locate and review two warrant applications referenced in defendant's First Motion to Suppress, which addresses the alleged illegal use of a "Stingray" or cell-site simulator. Doc. 137 at 2 (referring to warrant affidavits for Red Roof Inn and Old Richmond Road). The defendant suggests that the documents establish the warrantless use of such technology by the investigators in December 2016, but he never provides them, *id.* at 2-3, nor has the Court has been able to locate those documents in the mass of papers filed by the government as exhibits to its brief. The Court is unable to prepare properly for the scheduled hearing without reviewing documents that may be critical to its understanding of the issues presented.

If these documents are indeed included somewhere within the exhibits attached to the government's briefs, then it is requested to identify the particular exhibit where these warrant affidavits may be found. The sooner the better, too (*i.e.*, within a few hours of the filing of this order). If the documents are not part of the record, then the

defendant (or the government, if the parties prefer) is **ORDERED** to submit the documents within 24 hours after this Order is filed.

The Court has scheduled a hearing (currently set for next week) to address the defendant's various suppression motions. At that hearing, the Court will enforce the standards set forth in *United States v. Cooper*, 203 F.3d 1279 (11th Cir. 2000) and *United States v. Richardson*, 764 F.2d 1514 (11th Cir. 1985), as well as this Court's Local Rule of Criminal Procedure 12.1, in determining whether there is any need for the taking of evidence. The Court will also apply the rigorous standards set forth in *Franks v. Delaware*, 438 U.S. 154 (1978), regarding the need for a hearing on any veracity challenges to the warrant affidavits.

**SO ORDERED,** this 25th day of January, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA