# In the United States District Court
## for the Southern District of Georgia
## Savannah Division

UNITED STATES OF AMERICA,      )
                               )
v.                             )        CR 4:17-060-1
                               )
MICHAEL HUBBARD,               )
                               )
        Defendant.             )

## ORDER

Before the Court is Defendant Michael Hubbard's motion for early termination of supervised release.  Dkt. No. 567.  For the reasons below, Defendant's motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to a lesser included offense of Count 1 of the indictment, that is, conspiracy to possess with intent to distribute, and to distribute, a quantity of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  Dkt. Nos. 414, 447.  On May 2, 2019, Defendant was sentenced to 115 months' imprisonment, followed by three years of supervised release. Dkt. No. 447.  The Court further ordered special conditions of supervision, as well as a $100 special assessment. Id.

On or about March 1, 2024, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision.  Defendant has completed nearly twenty-four months

of his thirty-six-month term of supervision. Defendant now moves the Court for early termination of his supervised release. Dkt. No. 567.

In his motion, Defendant states he has complied with all conditions of supervision, all drug tests have returned negative, and he has maintained a stable residence. Id. The Court also notes that Defendant is a full-time college student, and a criminal record check revealed no new arrests since he began supervised release. However, Defendant's criminal history is concerning. Such history includes a prior federal conviction for distribution of five grams or more of cocaine base and possession of a firearm by a convicted felon. That sentence was revoked on two separate occasions. Additionally, Defendant resumed his criminal activities only a few days after his release from that sentence. Defendant's criminal history also includes arrests for battery and cruelty to children. Further, the offense of conviction in this case involved Defendant distributing large quantities of drugs, as well as firearms and dog fighting.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the

expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court commends Defendant for the positive strides he has made while under supervision. However, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction and his extensive criminal history. After consideration, the Court finds that continued supervision is in Defendant's best interest, and his motion for early termination, dkt. no. 567, is **DENIED.**

**SO ORDERED** this __25__ day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3